IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALLEN SMITH,
   *Petitioner*,

v.

UNITED STATES OF AMERICA,
   *Respondent*.

Criminal Action No. ELH-08-0086
Related Civil No. ELH-12-3113

**MEMORANDUM**

This Memorandum addresses Allen Smith's pending Motion for Reconsideration as to the denial of his post-conviction petition. ECF 1376 ("Motion" or "Motion to Reconsider").[1]

Smith was one of twenty-eight defendants indicted on February 8, 2008, on racketeering and drug conspiracy charges. ECF 1. On August 14, 2009, Smith was sentenced to 151 months' imprisonment (ECF 590), after having pled guilty on May 6, 2009, to conspiracy to participate in a racketeering enterprise, in violation of 18 U.S.C. § 1962(d). ECF 533; ECF 534. Judgment was entered August 17, 2009. ECF 597. On May 17, 2011, the United States Court of Appeals for the Fourth Circuit affirmed Smith's conviction. *United States v. Smith*, 640 F.3d 580 (4th Cir. 2011); *see also* ECF 1183; ECF 1194. Smith filed a petition for a writ of certiorari to the United States Supreme Court, which was denied on October 11, 2011. *See Smith v. United States*, ___ U.S. ___, 132 S. Ct. 430 (2011).

On October 22, 2012, Smith, self-represented, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF 1308), supported by a memorandum (ECF

---

[1] Judge William D. Quarles, Jr. ruled on the Petition. The case was reassigned to me on January 29, 2016, due to the retirement of Judge Quarles.

1308-1) (collectively, the "Petition").[2] The government opposed the Petition (ECF 1321) and Smith submitted a reply. ECF 1333. By Memorandum Opinion and Order dated November 5, 2013 (ECF 1370; ECF 1371), Judge Quarles denied the Petition.

Smith filed the pending Motion on December 6, 2013. ECF 1376. The government submitted a response in opposition on February 19, 2014. ECF 1392, "Opposition." No reply was filed.

On May 23, 2014, the government also filed a Motion to Allow Disclosure of Attorney-Client Communications and Work Product, related to the Motion to Reconsider. ECF 1401. In that motion, it seeks to supplement its Opposition with an affidavit from Smith's trial counsel (*id.* at 2), but notes that its position remains that Smith's Petition "was properly denied, on the existing record, without the need for an attorney affidavit." *Id.* Smith did not respond. However, on June 30, 2015, Smith requested an update on the status of his Motion to Reconsider. ECF 1456.

In the interim, on June 12, 2015, Smith filed a Motion to Reduce Sentence (ECF 1452), pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the U.S. Sentencing Guidelines. The government opposed Smith's Motion to Reduce Sentence. ECF 1459. Judge Quarles denied that motion by Order dated January 7, 2016. ECF 1460.

---

[2] In this district, a § 2255 petition filed by a self-represented prisoner is deemed filed "when it was delivered to prison authorities for forwarding by depositing it in the prison mailbox." *United States v. Dorsey*, 988 F. Supp. 917, 920 (D. Md. 1998) (discussing that "the Fourth Circuit has consistently applied the 'mailbox rule' to its cases involving *pro se* prisoner litigation"). Smith's Petition was signed and dated October 17, 2012 (ECF 1308 at 13), and I assume that is the date it was delivered to prison authorities. Accordingly, considering the Supreme Court's denial of certiorari on October 11, 2011, Smith's original Petition was untimely filed. *See* 28 U.S.C. 2255(f) (providing a one-year limitations period for the filing of a petition, dating from the date of finality of the judgment). However, the government did not raise this argument in opposing the Petition (ECF 1321), nor did Judge Quarles discuss the topic of timeliness in his ruling. ECF 1370.

No hearing is necessary to resolve the Motion to Reconsider.  *See* Local Rule 105.6.  For the reasons stated below, I shall deny Smith's Motion.

## I. Procedural Background

A review of Smith's original Petition is useful for resolving the pending Motion.

The Petition asserted three primary arguments to support Smith's contention that his conviction was improper due to ineffective assistance of counsel.  ECF 1308 at 2–8.  Smith argued:  (1) his counsel failed to properly investigate Smith's alibi witnesses (*id.* at 3–4); (2) counsel labored under a conflict of interest (*id.* at 5–6); and (3) counsel improperly failed to challenge Smith's career offender status at sentencing.  ECF 1308 at 7–8; *see also* ECF 1370 at 4–5.  Judge Quarles rejected these arguments, pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).[3]

Smith had argued that two alibi witnesses would have proven his actual innocence.  ECF 1308-1 at 3.  Judge Quarles found that this assertion "directly contradict[ed] [Smith's] sworn testimony at his Rule 11 proceeding."  ECF 1370 at 6.  And, because Smith had not shown that any extraordinary circumstances existed to place his Rule 11 proceeding in question, the court accepted "the truth of his sworn statements at his guilty plea" and disregarded Smith's claim.  ECF 1370 at 7 (citing *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005)).

Judge Quarles also found that Smith could not demonstrate any prejudice.  *Id.*  Along with his Petition, Smith submitted affidavits from the witnesses he claimed would have supported his alibi.  *See* ECF 1308-3, Affidavit of Sean Frazier; ECF 1308-4, Affidavit of

---

[3] Under *Strickland*, to prevail on a claim of ineffective assistance of counsel a petitioner must first show that his attorney's performance fell "below an objective standard of reasonableness," measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. Second, the petitioner must show that his attorney's deficient performance "prejudiced [his] defense." *Strickland*, 466 U.S. at 687.

Anthony Flemming.[4]  Judge Quarles found the affidavits to "refute only a small portion of the Government's case" against Smith.  ECF 1370 at 7.  Accordingly, Smith had "not shown a reasonable probability that he would not have pled guilty but for his counsel's failure to investigate." *Id.*

Judge Quarles found Smith's allegation regarding conflict of interest similarly flawed.  As summarized in the Memorandum Opinion, Smith argued that a conflict of interest existed because his counsel entered into a discovery agreement with the government, and this agreement "prevented counsel from investigating, challenging evidence, and having meaningful conversations with Smith."  ECF 1370 at 8; *see also* ECF 1308 at 5–6, Petition.  In analyzing this contention, Judge Quarles relied on a two-part standard from *United States v. Nicholson*, 475 F.3d 241, 249 (4th Cir. 2007).

Under *Nicholson*, to "establish that a conflict of interest resulted in ineffective assistance, '[m]ore than a mere possibility of a conflict . . . must be shown.'  The petitioner must show (1) that his lawyer was under 'an actual conflict of interest' and (2) that this conflict 'adversely affected his lawyer's performance.'"  *Id.* at 249 (citations omitted and alterations in original).

Applying this test, Judge Quarles determined that Smith's conflict of interest claims were unfounded.  ECF 1370 at 9.  He noted that "[e]ntering into a discovery agreement with the Government is a common practice in this district and does not create a conflict of interest."  ECF 1370 at 9.  Moreover, Judge Quarles found that Smith had not advanced a compelling argument to suggest how the discovery agreement adversely impacted Smith's defense.  *Id.*

In his Petition, Smith also averred that his counsel "failed to object to the court's application of the career offender provision which resulted in Smith receiving an increased

---

[4] According to the government, "Flemming" is misspelled; the accurate spelling is "Fleming."  ECF 1392 at 11.

sentence." ECF 1308 at 7–8, Petition. In particular, Smith argued that his prior arrests for two controlled substance offenses in September 2002 were consolidated and should not have counted as two prior convictions. ECF 1308 at 7–8, Petition.

Judge Quarles was unpersuaded by this argument because it contradicted Smith's Presentence Report ("PSR"), which reflected that Smith's two prior convictions were separate and distinct.[5] ECF 1370 at 10–11; *see also* Presentence Report, ¶¶ 39, 46, 50, 52 (discussing Smith's career offender status and relevant criminal history); Addendum to Presentence Report. Notably, Judge Quarles also found that, "even if these two offenses counted only once, Smith has a clearly separate conviction for a similar offense; which--with either of the other convictions-- would have been sufficient to earn Smith a career offender status." *Id.* at 11.

Based on this reasoning, Judge Quarles denied Smith's Petition. ECF 1371, Order. Thereafter, Smith filed the pending Motion to Reconsider. ECF 1376.

## II. Contentions

Smith submits his Motion to Reconsider pursuant to Fed. R. Civ. P. 59(e) and argues that Judge Quarles's ruling "reflects an error of law" and that it "works manifest injustice . . . ." ECF 1376 at 6, Motion. In particular, Smith takes issue with Judge Quarles's decision to "'accept[] the truth of [Smith's] sworn statements at his guilty plea.'" *Id.* at 2 (citing Judge Quarles's Memorandum Opinion). Smith largely reasserts the arguments advanced in his Petition and discusses several Fourth Circuit opinions to support his argument. *Id.* at 2–8.

Regarding the alleged alibi witnesses, Smith avers that it "is it undisputed that counsel failed to investigate 'Sean Frazier' and 'Anthony Flemming' prior to advising Smith to plead

---

[5] The PSR was not docketed. However, the original report, including an addendum, is contained in Judge Quarles's office file. Therefore, it will be docketed under seal in conjunction with the filing of this Memorandum.

5

guilty." ECF 1376 at 3. To support this claim, Smith cites *McGraw v. United States*, No. 96-6161, 1997 WL 34431 (4th Cir. 1997), and *United States v. White*, 366 F.3d 291 (4th Cir. 2010). Both cases involved post-conviction petitioners who had received ineffective assistance with respect to their guilty pleas.

In *McGraw*, the defendant learned after pleading guilty that his attorney failed to investigate a potential statute of limitations defense. *McGraw*, No. 96-6161, 1997 WL 34431 at *1. Based on *Hill v. Lockhart*, 474 U.S. 52 (1985), the Fourth Circuit remanded the case so that the defendant could withdraw his guilty plea. *Id.* at 2. The Court found that, "but for defense counsel's errors," the defendant "would not have pled guilty and would have insisted on going to trial." *Id.* at 1.

*White* involved a defendant who relied on oral assertions by the government and by his attorney that the guilty plea he entered was conditional, and that he would be able to appeal his conviction after pleading guilty. *White*, 366 F.3d at 292–93. However, the plea agreement did not permit the appeal. *Id.* at 295. The Fourth Circuit remanded to the district court for an evidentiary hearing (*id.* at 293) and stated, *id.* at 292–93:

> It is undisputed that the petitioner's lawyer erroneously informed him that the guilty plea was conditional and that the petitioner would not have pleaded guilty absent this representation; moreover, the Government conceded, and the district court found, that in making this representation, the petitioner's lawyer provided constitutionally ineffective assistance of counsel, which rendered the petitioner's guilty plea involuntary.

Here, Smith argues that both *McGraw* and *White* support his Petition, and that both cases show that Judge Quarles failed to follow Fourth Circuit precedent in denying the Petition. ECF 1376 at 3–4. As Smith did in his Petition, he argues that his admissions in the guilty plea do not "establish that he would not have proceeded to trial" if the alibi witnesses had been available. *Id.* at 3.

6

The government contends that Smith's reliance on *McGraw* and *Smith* is misplaced. ECF 1392 at 5–9. In particular, the government points to several factual discrepancies between Smith's allegations and those made by petitioners in both cases. For example, according to the government, the petitioner in *McGraw* "does not appear to have been constrained by his own, earlier sworn testimony." ECF 1392 at 6. And, the government explains that in *White*, "the claimant challenged the content of the very plea agreement at issue," whereas Smith "does not challenge the content of his plea agreement, which contains a factual stipulation contrary to his current claim." *Id.* at 7.

Also, in response to Smith's claim that it is "undisputed" that defense counsel failed to investigate alibi witnesses, the government states, ECF 1392 at 4, n.1:

> The petitioner suggests in his motion to reconsider that it is "undisputed" that trial counsel failed to investigate the Frazier and Fleming testimony. ECF 1376 at 3. To be clear, the government very much disputes that. The petitioner has the burden of proving both that he suffered deficient performance from his counsel, and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984). In effect, that means that Smith has the burden of proving that these "defenses" existed prior to his guilty plea and that his trial counsel failed to investigate them. The government's position is simply that the petitioner cannot overcome his burden of proof through affidavits, including his own and his witnesses', that contradict his sworn Rule 11 statements. Given the Fourth Circuit's admonition that 2255 claims contradicting sworn Rule 11 statements are almost always "palpably incredible" and "patently frivolous and false," *Lemaster*, 403 F.3d at 221, this is simply not sufficient for the petitioner to prevail.
>
> Thus, the government does dispute every word of the petitioner's "palpably incredible" and "patently frivolous and false" 2255 claims.

In sum, the government avers: "The fact that Smith's current 2255 claim rests on his assertion of a factual defense and a claim of innocence cannot be reconciled with his sworn admission of guilt when he entered his plea." ECF 1392 at 8, Opposition. According to the government, "Smith has pointed to no extraordinary circumstances – either in his original motion

or in his motion to reconsider - warranting disregarding his sworn statements, and *White* and *McGraw* do not help him." *Id.*

Smith also argues that Judge Quarles's decision pertaining to his counsel's alleged conflict of interest "works manifest injustice." ECF 1376 at 3–4, Petition. According to Smith, the Fourth Circuit has not opined on the question of law surrounding the discovery agreement with the government. *Id.* at 4. According to Smith, a certificate of appealability should be issued with respect to this claim because "there is no relevant authority that has decided this issue." *Id.* at 6.

The government maintains that "petitioner has made absolutely no allegation as to how he was prejudiced by the discovery agreement" and that he has "failed to make allegations even close to sustaining a claim under *Strickland*." ECF 1392 at 13, Opposition. Thus, according to the government, Smith "cannot argue that he has made a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c) for issuance of a certificate of appealability.

Finally, Smith maintains that Judge Quarles erred in his determination that Smith qualified as a career offender. *Id.* at 5–6. He complains that the court counted as separate offenses two convictions that were consolidated. To support this contention, Smith relies largely on *United States v. Davis*, 720 F.3d 215 (4th Cir. 2013).

In *Davis*, the defendant had previously "received one consolidated sentence for multiple violations of [North Carolina] law." *Davis*, 720 F.3d at 216. Although the district court counted the defendant's earlier state sentencing "as at least 'two prior felony convictions' and sentenced Davis as a career offender", the Fourth Circuit disagreed and found that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement." *Id.*

Relying on *Davis*, Smith maintains that Judge Quarles committed "an error of law" by considering a consolidated offense as two offenses. ECF 1376 at 6. Smith also contends that Judge Quarles was incorrect in relying on Smith's third and separate drug conviction to find that Smith's career offender status was valid, even if the two other drug convictions constituted only one offense. According to Smith, this third conviction is irrelevant because it "resulted in a suspended sentence." ECF 1376 at 6.

In opposing Smith's contention, the government observes that the "presentence report reflected two sentences, under two separate case numbers, with two separate judgments of conviction (case numbers 202288035 and 202336015)." ECF 1392 at 15. The government also asserts that Smith offered no evidence to suggest that his prior convictions were part of a consolidated sentence like that at issue in *Davis*. *Id*. According to the government, although Smith might have been sentenced "*at the same time*" for "a common occurrence under Maryland law . . . the petitioner has provided no evidence that [the two offenses] were lumped together into a single conviction, judgment or sentence." *Id.* (emphasis in original).

The government also notes that *Davis* was decided in 2013, four years after Smith was sentenced by Judge Quarles. It states: "Smith cannot claim that his attorney was ineffective for failing to anticipate a decision of the Fourth Circuit that came years *after* his sentence." *Id.* at 15–16 (emphasis in original).

In addition, the government maintains that, as to Smith's third prior conviction, it is irrelevant that it resulted in a suspended sentence because "[t]he Sentencing Guidelines make clear that whether a 'prior felony conviction' qualifies as a career offender predicate is determined by whether the prior offense was 'punishable' by imprisonment exceeding one year, 'regardless of the actual sentence imposed.'" ECF 1392 at 16 (quoting U.S.S.G. § 4B1.2, comment (n.1) and also citing *United States v. Allen*, 446 F.3d 522, 528–29 (4th Cir. 2006)).

9

### III. Discussion

The Federal Rules of Civil Procedure do not contain an express provision for a "motion for reconsideration" of a final judgment. *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011). But, to avoid elevating form over substance, a motion to reconsider may be construed as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or a motion for relief from judgment under Fed. R. Civ. P. 60(b). *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 278–80 (4th Cir. 2008).[6]

Fed. R. Civ. P. 59(e) is captioned "Motion to Alter or Amend a Judgment." It states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A district court may amend a judgment under Rule 59(e), *inter alia*, to "prevent manifest injustice." *Hutchinson v. Stanton*, 994 F.2d 1076, 1081 (4th Cir. 2002).

A motion filed outside the 28-day window set forth in Rule 59(e) is considered under Rule 60, captioned "Relief from a Judgment or Order." *See In re Burnley*, 988 F.2d 1, 2–4 (4th Cir. 1992) (construing untimely Rule 59(e) motion as a Rule 60(b) motion). Fed. R. Civ. P. 60(b) sets forth a variety of grounds for relief from a final judgment or order.

In particular, Rule 60(b) allows a party to obtain relief from a final judgment based on:

> (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

---

[6] Pursuant to Local Rule 105.10, "any motion to reconsider . . . shall be filed with the Clerk not later than fourteen (14) days after entry of the order," except as otherwise provided under Fed. R. Civ. P. 50, 52, 59, or 60.

A motion under Rule 60(b) must be filed "within a reasonable time." And, if based on (b)(1), (b)(2), or (b)(3), it must be made "no more than a year after the entry of the judgment. . . ." Fed. R. Civ. P. 60(c)(1).

The timing of the filing of the motion is the key factor in ascertaining which rule applies. The Fourth Circuit has said that "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)); *see In re Burnley*, 988 F.2d at 2–3; *Lewis v. McCabe, Weisberg & Conway, LLC*, DKC 13-1561, 2015 WL 1522840, at *1 (D. Md. Apr. 1, 2015). Although Smith filed his motion for reconsideration under Fed. R. Civ. P. 59(e) (ECF 1376 at 1, 2), the motion was filed on December 6, 2013 (ECF 1376), thirty-one days after the filing of Judge Quarles's Memorandum Opinion and Order on November 5, 2013. ECF 1370; ECF 1371.

To be sure, Smith's Certificate of Service is dated November 28, 2013. ECF 1376 at 7. And, his Motion was postmarked December 3, 2015. *Id.* at 8. But, under Local Rule 112(g), the date of docketing is the operative date from which to calculate the 28-day window.

Local Rule 112(g) states:

> All court documents—other than the original petition or motion—filed by self-represented prisoners under 28 U.S.C. § 2241, 28 U.S.C. § 2254, or 28 U.S.C. § 2255 are deemed "filed electronically" for L.R. 102.1.c purposes at the time the documents are electronically docketed by the Clerk's Office. For any response to a document filed electronically under this paragraph, any deadline for filing a response will be calculated from the date the document is electronically docketed by the Clerk's Office.

Smith's Motion to Reconsider is not the "original petition or motion" under 28 U.S.C. § 2255. As a result, Local Rule 112(g) governs. Accordingly, Rule 60(b) applies here.

As discussed, Smith claims that Judge Quarles's rulings were erroneous and that they worked manifest injustice. ECF 1376 at 6. He largely reiterates arguments expressed in his initial Petition: that his counsel failed to investigate alibi witnesses; that his attorney operated under a conflict of interest; and that the court erred in determining that he is a career offender. *See* ECF 1376 at 2–8. Given the nature of these arguments, and because plaintiff has not asserted any argument to trigger application of Rule 60(b)(1), (b)(2), (b)(3), (b)(4), or (b)(5), the Motion falls under Rule 60(b)(6), the provision permitting reconsideration for any "reason that justifies relief."

Of import here, relief under Rule 60(b)(6) should be invoked only in "extraordinary circumstances." *See Aikens v. Ingram,* 652 F.3d 496, 500 (4th Cir. 2011); *see also, e.g., Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d, 396 403 (4th Cir. 1998), *cert. denied,* 525 U.S. 1104 (1999) (stating that "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly") (citation omitted). Although Smith's Motion provides new discussion of case law to demonstrate that Judge Quarles erred in his rulings, his Motion does little to present or even suggest that extraordinary circumstances exist to warrant reconsideration of Judge Quarles's thorough and careful ruling. *Id.* As discussed above, the fundamental issues in Smith's Motion (ECF 1376) are the same issues that Judge Quarles analyzed in depth when reviewing the Petition (ECF 1370).

Indeed, Smith has presented no compelling argument to suggest that the circumstances have changed as to his alleged alibi witnesses. ECF 1376 at 2–4. Similarly, he has provided no additional basis to show how the discovery agreement with the government presented a conflict of interest or demonstrates prejudice. *See id.* at 4–5.

Moreover, Smith's PSR makes it clear that he was correctly sentenced as a career offender. Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or

"Guidelines") provides for an increase in the base offense level if a defendant is found to be a "career offender." To qualify as a career offender, the offense of conviction must be either a felony crime of violence or a felony controlled substance offense, the defendant was at least eighteen years old when he/she committed the offense, *and* the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

> Section 4B1.2(b) of the Guidelines defines "controlled substance offense." It states:
>
> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

According to Judge Quarles's Memorandum Opinion (ECF 1370), the court relied on two prior felony controlled substance ("CDS") offenses in finding that Smith was a career offender. The first case, No. 202288035, in the Circuit Court for Baltimore City, was based on an arrest on September 4, 2002 (PSR, ¶ 50), in connection with illegal conduct on September 3, 2002. *Id.* ¶ 51. It resulted in a conviction for possession with intent to distribute CDS. *Id.* ¶ 50. Smith was sentenced on April 28, 2003, to a term of three years' incarceration. *Id.* The second case, No. 202336015, also in the Circuit Court for Baltimore City, was based on an arrest on October 5, 2002. (PSR, ¶ 52), arising from the execution of a search and seizure warrant on September 11, 2002. *Id.* ¶ 53. It resulted in a conviction for possession with intent to distribute cocaine. *Id.* ¶ 52. The defendant was sentenced to three years' incarceration on April 28, 2003. *Id.*

Notably, the Addendum to the PSR sets out the objections made by defense counsel to the PSR, along with the determinations reached by the probation officer as to those objections. *See* PSR Addendum. The Addendum states that defense counsel "indicated that there is an

objection as to the criminal history scoring regarding cases 202288035 and 202336015" and that defense counsel argued there was no intervening arrest regarding the two charges. Addendum at 2. After reviewing the timing of the charges, the probation officer noted that the "cases are separate and distinct from one another and are to be counted separately." *Id.*

Moreover, Judge Quarles considered another felony drug offense for the purpose of U.S.S.G. § 4B1.1(a). *See* PSR, ¶ 46. The PSR reflects that defendant was arrested on January 13, 2002, for unlawful manufacture of CDS, for which the defendant received a four year sentence on August 23, 2002, most of which was suspended. *Id.* But, as the government points out, it is irrelevant whether the sentence for this third conviction was suspended because assessing a prior conviction for career offender purposes does not turn on the actual outcome of a defendant's sentencing, but instead turns on the maximum sentence that, by law, could have been imposed. *Cf. United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012).

Accordingly, having reviewed Judge Quarles's Memorandum Opinion and Smith's Motion, I find no indication that reconsideration is required to "prevent manifest injustice." *Hutchinson*, 994 F.2d at 1081.

### IV. Conclusion

For the foregoing reasons, I shall deny Smith's Motion to the Reconsider. ECF 1376. I shall also deny as moot the government's motion to allow disclosure of defendant's attorney-client communications and defense counsel's work product (ECF 1401). *See* ECF 1401, ¶ 3.

A separate Order follows, consistent with this Memorandum.

Date:   April 4, 2016                                     /s/
                                                Ellen Lipton Hollander
                                                United States District Judge